**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MRT, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SELECT MANAGEMENT RESOURCES, LLC,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 3:17-cv-455** |

## NOTICE OF REMOVAL

Please take notice that Defendant, Select Management Resources, LLC ("Select Management Resources"), hereby removes the above-captioned lawsuit from the Circuit Court of the Twentieth Judicial Circuit, Illinois (St. Clair County, Illinois) to the United States District Court for the Southern District of Illinois, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, on the basis of the following facts demonstrating the existence of subject matter jurisdiction in this Court:

### Procedural History

1. On March 21, 2017, Plaintiff, MRT, LLC ("Plaintiff"), filed its complaint in the Circuit Court of the Twentieth Judicial Circuit, Illinois (St. Clair County, Illinois). A copy of Plaintiff's complaint is attached as Exhibit A.

2. On March 31, 2017, Select Management Resources accepted service of Plaintiff's complaint. *See* 3-31-2017 email from N. Berger to P.K. Johnson, V (attached as Exhibit B).

3. This Notice of Removal is timely under 28 U.S.C. §1446(b).

**Basis for Removal – Diversity**

4. Under 28 U.S.C. § 1332, the district courts of the United States have original jurisdiction over actions where there is complete diversity of citizenship and the amount in controversy is over $75,000.

5. Select Management Resources is diverse in citizenship from Plaintiff.

6. Select Management Resources and its members are citizens of Georgia. Select Management Resources is a Georgia limited liability company with its principal place of business at 3440 Preston Ridge Road, Suite 500, Alpharetta, Georgia 30005. The members of Select Management Resources are Roderick Aycox and Leslie Aycox, who are both domiciled in Georgia.

7. On information and belief, Plaintiff and its sole member are citizens of Missouri. And, in any event, on information and belief, neither Plaintiff nor any of its members are citizens of Georgia.

8. In its complaint, Plaintiff alleges that it is a Missouri limited liability company licensed to do business in Illinois. *See* Pl.'s Compl., ¶ 1. Because Plaintiff's complaint does not identify Plaintiff's members or their citizenship, Select Management Resources investigated this information. Select Management Resources' counsel contacted Plaintiff's counsel to ascertain this information. *See* 4-27-2017 email from Jonathan N. Ledsky to P.K. Johnson, V (attached as Exhibit C). Although Plaintiff's counsel stated that he was unable to reach his client to discuss the matter, Plaintiff's counsel stated that his "best guess is that the only member is Michael Travers who resides in Missouri." *See* 5-1-2017 email from P.K. Johnson, V to Jonathan N. Ledsky (attached as Exhibit D).

9. Moreover, according to records available online from the Missouri Secretary of State's office, Michael R. Travers is Plaintiff's registered agent, and he has a Missouri address.

*See* Plaintiff's Articles of Incorporation (*available at* https://bsd.sos.mo.gov/BusinessEntity/BusinessEntityDetail.aspx?page= beSearch&ID=567433 (last visited May 1, 2017)). Indeed, all of the individuals identified in available documents relating to Plaintiff have Missouri addresses. Regardless, because the available documents do not identify each member of Plaintiff, Select Management Resources' counsel called the Secretary of State's office to inquire about obtaining this information. Select Management Resources' counsel was told this information is not available from the Secretary of State. Again, though, Plaintiff's counsel's "best guess" is that Plaintiff's sole member is an individual residing in – and apparently domiciled in – Missouri.

10. Thus, on information and belief, there is complete diversity of citizenship between Plaintiff and Select Management Resources.

11. The amount in controversy is over $75,000. In its complaint, Plaintiff alleges breach of a sublease. *See* Pl.'s Compl., ¶ 22. Plaintiff alleges over $120,000 in damages. *See id.*, ¶¶ 23-24. Specifically, Plaintiff alleges that Select Management Resources is obligated to Plaintiff for a two-year-lease term with rent plus expenses totaling a little over $5,000 a month. *See id.*, ¶¶ 21, 23-24. Although Plaintiff also includes a conclusory assertion that the amount sought is only $75,000, the Seventh Circuit has long recognized that such "mere allegations" are "properly ignored" in valuing a plaintiff's claims. *See Am. Bankers Life Assurance Co. of Fla. v. Evans*, 319 F.3d 1203, 1205 (7th Cir. 2000); *see also Locklear v. My Overhead Corp.*, Case No. 07-788, 2007 WL 4225742, *4 (S.D. Ill. Nov. 26, 2007).

12. Further, Plaintiff's claim for unpaid rent is not the only dispute in this case. In addition to filing an answer, Select Management Resources will be filing a counterclaim, seeking the return of seven months' rent (totaling around $35,000) that Plaintiff improperly collected from Select Management Resources. For this reason, too, the amount-in-controversy

requirement is met. *See* Charles Alan Wright, Arthur R. Miller, *et al.*, 14C Federal Practice and Procedure § 3275.3 (noting that, although there are arguments and authority against including counterclaims in the amount in controversy, "it arguably would be consistent with [the removal statutes] to hold that a counterclaim is in controversy for the purpose of calculating the jurisdictional amount when the counterclaim arises from the transaction sued upon by the plaintiff and, according to the relevant state law, must be asserted in the action or forever be barred"). In any event, as discussed in the preceding paragraph, Plaintiff's own claims satisfy the amount-in-controversy requirement.

13. Venue is proper in this Court, pursuant to 28 U.S. C. § 1441(a), because this is the district and division embracing the place where the state court action is pending.

14. Pursuant to 28 U.S.C. 1446(d), Select Management Resources will provide written notice of this removal to Plaintiff's counsel and will file a copy of this Notice of Removal with the clerk of the Circuit Court of the Twentieth Judicial Circuit, Illinois.

15. Payment of the appropriate fees and costs for removal and docketing of this matter in federal court is tendered with this Notice of Removal.

WHEREFORE, Defendant, Select Management Resources, LLC respectfully requests that this Court take jurisdiction of this mater and grant such other and further relief as the Court deems just.

Dated: May 1, 2017

Respectfully submitted,

By: *<u>/s/David A. Nester</u>*
David A. Nester (6191863)
Email: dave.nester@huschblackwell.com
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
(314) 480-1500

Jonathan N. Ledsky (6194097 )

Email:
Jonathan.Ledsky@huschblackwell.com
HUSCH BLACKWELL LLP
120 South Riverside Plaza
Suite 2200
Chicago, IL 60606
(312) 655-1500

***Attorneys for Defendant Select Management Resources, LLC***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of May 2017, the foregoing was filed electronically with the Clerk of Court and to be served via electronic mail upon the following:

Preston K. Johnson, V
JOHNSON & JOHNSON
11 South High Street
Belleville, Illinois 62220

*/s/ David A. Nester*