# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MRT, LLC** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 17-CV-455-SMY-RJD |
| | ) |
| **SELECT MANAGEMENT RESOURCES, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

# MEMORANDUM AND ORDER

Plaintiff MRT, LLC filed this breach of contract action in the Circuit Court of St. Clair County, Illinois seeking damages and equitable relief against Defendant Select Management Resources, LLC. Defendant removed the action to this Court asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332 (Doc. 1). Now pending before the Court is Plaintiff's Motion to Remand (Doc. 13). Defendant filed a response (Doc. 18). For the following reasons, Plaintiff's motion is **DENIED**.

In the Complaint, Plaintiff alleges that it entered into a sublease agreement with Defendant in which Plaintiff agreed to lease premises located in Fairview Heights, Illinois to Defendant (Doc. 1-1). The initial term of the sublease was from October 1, 2008 to June 30, 2013. Pursuant to the sublease, following the initial term, Defendant was granted the option to extend the lease through June 30, 2018. Plaintiff alleges that following the initial term, Defendant remained in possession of the premises but failed to pay rent. Plaintiff further alleges that as a direct and proximate result of Defendant's breach, Plaintiff has incurred damages in the

amount of $121,600.08 (Count I) or, in the alternative, damages in the amount of $51,333.37 (Count II).

"A defendant has the right to remove a case from state to federal court when the federal court could exercise jurisdiction in the first instance." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510 (7th Cir. 2006) (citing 28 U.S.C. § 1441). In this case, Defendant relies on the Court's diversity jurisdiction under 28 U.S.C. § 1332, which requires both diversity of citizenship and an amount in controversy exceeding $75,000. Removal is proper only if the amount in controversy exceeded $75,000 on the date of removal. *BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 551 (7th Cir. 2002). The standard for determining whether the amount in controversy meets the threshold requirement is not how much is *likely* to be recovered, but how much is legally possible. *Spivey v. Vertrue, Inc.,* 528 F.3d 982, 986 (7th Cir. 2008). The court has subject matter jurisdiction unless it is clear 'beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount. *Cadek v. Great Lakes Dragaway, Inc.,* 58 F.3d 1209, 1212 (7th Cir. 1995)).

Plaintiff contends that the amount in controversy is less than the jurisdictional minimum. It is well-established that to determine the amount in controversy, the Court looks to the face of the complaint. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Plaintiff's Complaint specifically requests damages greater than the jurisdictional amount – $121,600.08 in Count I or, alternatively, $51,337.37 in Count II. Thus, in order to defeat removal, Plaintiff must present evidence that a recovery in excess of $75,000 would be "legally impossible." Plaintiff has not met this burden.

Plaintiff argues that in the *ad damnum* clause, it only seeks an amount of $75,000, plus costs, or in the alternative, $51,337.37, plus costs. Plaintiff further asserts in an affidavit

accompanying its motion to remand, that it waives its right to seek an award of damages in excess of $75,000 plus court costs. Occasionally a plaintiff may satisfy the legal impossibility standard by pleading a specific amount of damages or by entering into a stipulation *before* removal that it will not seek more than the jurisdictional limit. However, in Illinois, plaintiffs are not limited to seeking the amounts requested in the state court complaint *ad damnum* clause. *See Oshana*, 472 F.3d at 511. Moreover, a post-removal stipulation to the amount in controversy cannot defeat removal because jurisdiction is determined on the day the case is removed. *Chase*, 110 F.3d at 429 ("the district court is not deprived of jurisdiction where…'the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount.'"). The amount in controversy on the day this case was removed exceeded the jurisdictional floor. Additionally, based on the Complaint, it is not legally impossible that Plaintiff's recovery will exceed $75,000. Accordingly, the motion is denied.

**IT IS SO ORDERED.**

**DATED:  July 13, 2017**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**